# Exhibit B

LIFE, AND ACCIDENT AND HEALTH COMPANIES/FRATERNAL BENEFIT SOCIETIES – ASSOCIATION EDITION

# ANNUAL STATEMENT
FOR THE YEAR ENDED DECEMBER 31, 2024
OF THE CONDITION AND AFFAIRS OF THE

# New York Life Insurance Company

NAIC Group Code __0826__ , __0826__ NAIC Company Code 66915 Employer's ID No.13-5582869
(Current Period)  (Prior Period)

Organized under the Laws of New York, State of Domicile or Port of Entry _____NY_____,
Country of Domicile United States of America

INCORPORATED/ORGANIZED MAY 21, 1841    COMMENCED BUSINESS APRIL 12, 1845*

Statutory Home Office ................................................... 51 Madison Avenue, New York, NY, U.S. 10010................
Main Administrative Office ........................................... 51 Madison Avenue, New York, NY, U.S. 10010................
................................................................................ 212-576-7000 .................................................................
Mail Address................................................................. 51 Madison Avenue, New York, NY, U.S. 10010................
Primary Location of Books and Records......................... 51 Madison Avenue, New York, NY, U.S. 10010................
................................................................................ 212-576-7000 .................................................................
Internet Website address .............................................. www.newyorklife.com......................................................
Statutory Statement Contact Person and Phone Number .. Robert Michael Gardner…... 201-942-8333........................
Statutory Statement Contact E-Mail Address ................. statement_contact@newyorklife.com ................................
Statutory Statement Contact Fax Number ...................... 212-576-7811 .................................................................

## EXECUTIVE OFFICERS

**CRAIG LAWRENCE DESANTO**
*Chair, President & Chief Executive Officer*

| | | | |
|---|---|---|---|
| **AARON CHRISTIAN BALL #** | **ERIC ANSEL FELDSTEIN** | **ALAIN MAURICE KARAOGLAN** | **MARK JEROME MADGETT** |
| *Executive Vice President and Co-Head of the Foundational Business* | *Executive Vice President and Chief Financial Officer* | *Executive Vice President and Head of the Strategic Businesses* | *Executive Vice President and Co-Head of the Foundational Business* |
| **ANTHONY RAMSEY MALLOY** | **ERIK AUGUST ANDERSON #** | **ALEXANDER IBBITSON MUNRO COOK** | **ROBERT MICHAEL GARDNER** |
| *Executive Vice President and Chief Investment Officer* | *Senior Vice President and Chief Actuary* | *Senior Vice President and Head of Strategic Capabilities* | *Senior Vice President and Controller* |
| **THOMAS ALEXANDER HENDRY** | **MICHAEL KELLY MCDONNELL #** | **AMY MILLER** | **JOANNE HELEN RODGERS** |
| *Senior Vice President and Treasurer* | *Senior Vice President & General Counsel* | *Senior Vice President, Deputy General Counsel and Secretary* | *Senior Vice President and Chief Human Resources Officer* |

## DIRECTORS

| | | | |
|---|---|---|---|
| CLAIRE LOUISE BABINEAUX-FONTENOT | RALPH DE LA VEGA | ROBERT FRANCIS FRIEL | THOMAS CLAYTON SCHIEVELBEIN |
| MICHELE GROSS BUCK | CRAIG LAWRENCE DESANTO | DONNA HAAG KINNAIRD | PAULA AMY STEINER |
| ROBERT BARBER CARTER | MARK LAWRENCE FEIDLER | BARBARA GOLDMAN NOVICK | |

State of New York } SS
County of New York

The officers of this reporting entity, being duly sworn, each depose and say that they are the described officers of said reporting entity, and that on the reporting period stated above, all of the herein described assets were the absolute property of the said reporting entity, free and clear from any liens or claims thereon, except as herein stated, and that this statement, together with related exhibits, schedules and explanations therein contained, annexed or referred to, is a full and true statement of all the assets and liabilities and of the condition and affairs of the said reporting entity as of the reporting period stated above, and of its income and deductions therefrom for the period ended, and have been completed in accordance with the NAIC *Annual Statement Instructions* and *Accounting Practices and Procedures* manual except to the extent that: (1) state law may differ; or, (2) state rules or regulations require differences in reporting not related to accounting practices and procedures, according to the best of their information, knowledge and belief, respectively.  Furthermore, the scope of this attestation by the described officers also includes the related corresponding electronic filing with the NAIC, when required, that is an exact copy (except for formatting differences due to electronic filing) of the enclosed statement.  The electronic filing may be requested by various regulators in lieu of or in addition to the enclosed statement.

| Signed by: | DocuSigned by: |
|---|---|
| *Craig DeSanto* | *Eric Feldstein* |
| 6DE2D6ECAEB3487... | B74211AF1570433... |
| CRAIG LAWRENCE DESANTO | ERIC ANSEL FELDSTEIN |
| Chair, President & Chief Executive Officer | Executive Vice President and Chief Financial Officer |
| Signed by: | DocuSigned by: |
| *Erik Anderson* | *Robert Gardner* |
| 431A285FD3D1404... | 672FD5DFE9A045A... |
| ERIK AUGUST ANDERSON # | ROBERT MICHAEL GARDNER |
| Senior Vice President and Chief Actuary | Senior Vice President and Controller |

Subscribed and sworn to before me this

___ day of February 2025

a. Is this an original filing? Yes [ X ] No [  ]
b. If no:  1. State the amendment number  . . .
            2. Date filed  . . .
            3. Number of pages attached  . . .

*The Company became licensed to sell life insurance in the state of New York on April 17, 1845.

# Officers and Directors who did not occupy the indicated position in the previous annual statement.

ANNUAL STATEMENT FOR THE YEAR 2024 OF THE NEW YORK LIFE INSURANCE COMPANY

# GENERAL INTERROGATORIES

### PART 1 - COMMON INTERROGATORIES
### GENERAL

1.1 Is the reporting entity a member of an Insurance Holding Company System consisting of two or more affiliated persons, one or more of which is an insurer? ..................................................................................................................................................................................... Yes [ X ]   No [   ]
If yes, complete Schedule Y, Parts 1, 1A, 2 and 3.

1.2 If yes, did the reporting entity register and file with its domiciliary State Insurance Commissioner, Director or Superintendent or with such regulatory official of the state of domicile of the principal insurer in the Holding Company System, a registration statement providing disclosure substantially similar to the standards adopted by the National Association of Insurance Commissioners (NAIC) in its Model Insurance Holding Company System Regulatory Act and model regulations pertaining thereto, or is the reporting entity subject to standards and disclosure requirements substantially similar to those required by such Act and regulations? .......................... Yes [ X ]   No [   ]   N/A [   ]

1.3 State Regulating? ............................................................................................................................................................................... New York

1.4 Is the reporting entity publicly traded or a member of a publicly traded group? ................................................................................. Yes [   ]   No [ X ]

1.5 If the response to 1.4 is yes, provide the CIK (Central Index Key) code issued by the SEC for the entity/group. ............................... 

2.1 Has any change been made during the year of this statement in the charter, by-laws, articles of incorporation, or deed of settlement of the reporting entity? ............................................................................................................................................................................... Yes [   ]   No [ X ]

2.2 If yes, date of change: .......................................................................................................................................................................

3.1 State as of what date the latest financial examination of the reporting entity was made or is being made. ..................................... 12/31/2024

3.2 State the as of date that the latest financial examination report became available from either the state of domicile or the reporting entity. This date should be the date of the examined balance sheet and not the date the report was completed or released. ................... 12/31/2024

3.3 State as of what date the latest financial examination report became available to other states or the public from either the state of domicile or the reporting entity. This is the release date or completion date of the examination report and not the date of the examination (balance sheet date). .................................................................................................................................................. 06/25/2021

3.4 By what department or departments?
New York State Department of Financial Services ...........................................................................................................................

3.5 Have all financial statement adjustments within the latest financial examination report been accounted for in a subsequent financial statement filed with Departments? ................................................................................................................................... Yes [   ]   No [   ]   N/A [ X ]

3.6 Have all of the recommendations within the latest financial examination report been complied with? ....................................... Yes [   ]   No [   ]   N/A [ X ]

4.1 During the period covered by this statement, did any agent, broker, sales representative, non-affiliated sales/service organization or any combination thereof under common control (other than salaried employees of the reporting entity) receive credit or commissions for or control a substantial part (more than 20 percent of any major line of business measured on direct premiums) of:
    4.11 sales of new business? .............................................................................................................. Yes [   ]   No [ X ]
    4.12 renewals? ................................................................................................................................... Yes [   ]   No [ X ]

4.2 During the period covered by this statement, did any sales/service organization owned in whole or in part by the reporting entity or an affiliate, receive credit or commissions for or control a substantial part (more than 20 percent of any major line of business measured on direct premiums) of:
    4.21 sales of new business? .............................................................................................................. Yes [   ]   No [ X ]
    4.22 renewals? ................................................................................................................................... Yes [   ]   No [ X ]

5.1 Has the reporting entity been a party to a merger or consolidation during the period covered by this statement? ............................... Yes [   ]   No [ X ]
If yes, complete and file the merger history data file with the NAIC.

5.2 If yes, provide the name of the entity, NAIC company code, and state of domicile (use two letter state abbreviation) for any entity that has ceased to exist as a result of the merger or consolidation.

| 1<br>Name of Entity | 2<br>NAIC Company Code | 3<br>State of Domicile |
|---|---|---|
| | | |

6.1 Has the reporting entity had any Certificates of Authority, licenses or registrations (including corporate registration, if applicable) suspended or revoked by any governmental entity during the reporting period? .................................................................................... Yes [   ]   No [ X ]

6.2 If yes, give full information
........................................................................................................................................................................................................

7.1 Does any foreign (non-United States) person or entity directly or indirectly control 10% or more of the reporting entity? ...................... Yes [   ]   No [ X ]

7.2 If yes,
7.21 State the percentage of foreign control ..................................................................................................................................... _____ %
7.22 State the nationality(s) of the foreign person(s) or entity(s); or if the entity is a mutual or reciprocal, the nationality of its manager or attorney-in-fact and identify the type of entity(s) (e.g., individual, corporation, government, manager or attorney-in-fact).

| 1<br>Nationality | 2<br>Type of Entity |
|---|---|
| | |

# NOTES TO FINANCIAL STATEMENTS

In 2023, the NAIC adopted Interpretation ("INT") 23-01, which prescribes limited-time, optional, statutory accounting guidance as an exception to the existing guidance detailed in SSAP No. 7 "Asset Valuation Reserve and Interest Maintenance Reserve" and the annual statement instructions that requires non-admittance of a negative IMR. Under the INT, reporting entities are allowed to admit negative IMR if certain criteria are met. The adoption of this guidance allowed the Company to admit $866,504,485 (including $62,831,055 from Separate Accounts) and $470,664,806 (including $35,844,612 from Separate Accounts) of negative IMR at December 31, 2024 and December 31, 2023, respectively, which increased the Company's total assets. There was no impact to net income from this change. New disclosures required under the INT have been included in Note 5 - Investments

In 2023, the NAIC adopted revisions to SSAP No. 86 "Derivatives", which adopt with modification U.S. GAAP guidance in determining hedge effectiveness. More specifically, SSAP No. 86 was modified to incorporate measurement guidance for excluded components when measuring hedge effectiveness of foreign currency swaps and foreign currency forwards. In addition, new guidance was added regarding the portfolio layer method and partial term hedges for fair value hedges. The Company adopted this guidance on January 1, 2023 with no impact to surplus at adoption. New disclosures related to this guidance were added to Note 8 - Derivative Instruments.

**Prior Period Corrections**

Not Applicable.

3. **Business Combinations and Goodwill**

   **A.** Statutory Purchase Method

   The following table represents goodwill generated under the statutory purchase method of accounting:

| Purchased Entity | Acquisition Date | Cost of Acquired Entity | Original Amount of Goodwill | Original Amount of Admitted Goodwill | Admitted Goodwill as of the Reporting Date | Amount of Goodwill Amortized During the Reporting Period | Book Value of SCA | Admitted Goodwill as a % of Book Adjusted Carrying Value, Gross of Admitted Goodwill |
|---|---|---|---|---|---|---|---|---|
| Life Insurance Company of North America | December 31, 2020 | $5,974,793,208 | $4,101,037,417 | $1,931,888,141 | $2,103,397,781 | $404,237,075 | $2,175,512,361 | 97% |
| New York Life Group Insurance Company of NY | December 31, 2020 | 219,809,342 | 126,123,800 | 126,123,800 | 70,037,741 | 13,770,349 | 207,211,123 | 34% |
| Stone Ridge Holdings Group LLC | January 3, 2017 | 150,000,000 | 132,038,420 | 132,038,420 | 26,407,684 | 13,203,842 | 121,613,406 | 22% |
| Fairview Capital Partners LLC | April 5, 2024 | 10,000,000 | 4,840,950 | 4,840,950 | 4,598,903 | 242,048 | 9,939,491 | 46% |

   **B.** Statutory Merger

   Not applicable.

   **C.** Assumption Reinsurance

   Not applicable.

   **D.** Impairment Loss

   Not applicable.

   **E.** Subcomponents and Calculation of Adjusted Surplus and Total Admitted Goodwill

   As required under NAIC SAP, goodwill is limited in the aggregate to 10% of the acquiring entity's capital and surplus, adjusted to exclude any net positive goodwill, electronic database processing equipment and operating system software, and net deferred tax assets. The table below shows the calculation of the Company's adjusted surplus for purposes of the goodwill admissibility calculation:

|  | Calculation of Limitation Using Prior Quarter Numbers | Current Reporting Period |
|---|---|---|
| (1) Capital and surplus | $ 25,294,076,431 | xxx |
| Less: | | |
| (2) Admitted positive goodwill | 2,131,222,713 | xxx |
| (3) Admitted EDP equipment and operating system software | 34,203,425 | xxx |
| (4) Admitted net deferred taxes | 1,902,569,968 | xxx |
| (5) Adjusted capital and surplus | 21,226,080,325 | xxx |
| (6) Limitation on amount of goodwill (adjusted capital and surplus times 10%) | 2,122,608,033 | xxx |
| (7) Current period reported admitted goodwill | XXX | 2,122,608,033 |
| (8) Current period admitted goodwill as a % of prior period adjusted capital and surplus | XXX | 10 % |

# NOTES TO FINANCIAL STATEMENTS

E. (1) The Company did not have any operating loss, tax credit or CAMT credit carry forwards available for tax purposes.

(2) The following income taxes incurred in the current and prior years that will be available in the event of future net losses:

| Year 2024 | $ | — |
|---|---|---|
| Year 2023 | | 21,000,630 |
| Year 2022 | | 98,343,100 |

(3) At December 31, 2024, the Company had no protective tax deposits on deposit with the Internal Revenue Service under Section 6603 of the Internal Revenue Code.

F. The Company's federal income tax return is consolidated with the following entities:

i. New York Life Insurance and Annuity Corporation ("NYLIAC")
ii. NYLIFE Insurance Company of Arizona ("NYLAZ")
iii. NYLIFE LLC ("NYLIFE LLC") and its domestic affiliates
iv. New York Life Investment Management Holdings LLC ("NYL Investments") and its domestic affiliates
v. New York Life Enterprises ("NYLE") and its domestic affiliates
vi. NYL Investors LLC ("NYL Investors")
vii. Life Insurance Company of North America ("LINA")
viii. New York Life Group Insurance Company of NY ("NYLGICNY")
ix. LINA Benefit Payments, Inc

The Company files a consolidated federal income tax return with certain of its domestic insurance and non-insurance subsidiaries. The consolidated income tax provision or benefit is allocated among the members of the group in accordance with a tax allocation agreement. The tax allocation agreement provides that the Company computes its share of consolidated tax provision or benefit, in general, on a separate company basis, and may, where applicable, include the tax benefits of operating or capital losses utilizable in New York Life's consolidated returns. Intercompany tax balances are settled quarterly on an estimated basis with a final settlement occurring within 30 days of the filing of the consolidated tax return. Current federal income taxes are charged or credited to operations based upon amounts estimated to be payable or recoverable as a result of taxable operations for the current year and any adjustments to such estimates from prior years.

G. The Company does not anticipate any significant changes to its total unrecognized tax benefits within the next 12 months.

H. The Company does not have repatriation transition tax owed under the Tax Cuts and Jobs Act.

I. The Company does not have an AMT credit that was recognized as a current year recoverable or DTA.

10. **Information Concerning Parent, Subsidiaries, Affiliates and Other Related Parties**

    The following note discloses significant related party transactions.

    **A-B.** During 2024 and 2023, the Company had the following net capital contributions to/(return of capital) from its subsidiaries:

    | | | 2024 | | 2023 |
    |---|---|---|---|---|
    | NYLIFE LLC | $ | (10,000,000) | $ | (16,000,000) |
    | NYLE | | (177,000,000) | | (259,996,400) |
    | NYLAZ | | 100,000,000 | | 250,000,000 |
    | LINA | | (200,000,000) | | — |
    | Total | $ | (287,000,000) | $ | (25,996,400) |

    During 2024 and 2023, the Company recorded the following dividend distributions from its subsidiaries:

    | | | 2024 | | 2023 |
    |---|---|---|---|---|
    | NYLIAC | $ | 890,000,000 | $ | — |
    | NYL Investors | | 175,000,000 | | 165,000,000 |
    | MCF | | 32,855,136 | | 114,992,976 |
    | NYLIM | | — | | 198,000,000 |
    | NYLGICNY | | 28,000,000 | | — |
    | Total | $ | 1,125,855,136 | $ | 477,992,976 |

# SCHEDULE Y - INFORMATION CONCERNING ACTIVITIES OF INSURER MEMBERS OF A HOLDING COMPANY GROUP
## PART 1 - ORGANIZATIONAL CHART

The following entities are directly controlled by **New York Life Insurance Company (Parent)** (entities that are indented are directly controlled by the preceding entity).

New York Life Insurance and Annuity Corporation (91596) (DE)
    NYLIAC RLP II, LLC (DE)
NYLIFE Insurance Company of Arizona (81353) (AZ)
New York Life Enterprises LLC (See page 12.2 for entity's org chart) (DE)
NYLIFE LLC (See page 12.2 for entity's org chart) (DE)
NYL Investors LLC (See page 12.3 for entity's org chart) (DE)
New York Life Investment Management Holdings LLC (See page 12.4 for entity's org chart) (DE)
NYLife Real Estate Holdings LLC (See page 12.10 for entity's org chart) (DE)
New York Life Group Insurance Company of NY (NY)
Life Insurance Company of North America (PA)
    LINA Benefit Payments, Inc. (DE)
New York Life Benefit Payments LLC (DE)
NYL Real Assets LLC (DE)
NYL Emerging Manager LLC (DE)
NYL Wind Investments LLC (DE)
NYLIC HKP Member LLC (DE)
    NYLIC HKP VENTURE LLC (DE)
        NYLIC HKP REIT LLC (DE)
NYLIM Jacob Ballas India Holdings IV (MUS)
Flatiron RR LLC (DE)
Flatiron CLO 2013-1 -Ltd. (CYM)
Flatiron CLO 2015-1 Ltd (CYM)
Flatiron CLO 17 Ltd. (CYM)
Flatiron CLO 18 Ltd. (CYM)
Flatiron CLO 19 Ltd (CYM)
Flatiron CLO 20 Ltd. (CYM)
Flatiron CLO 21 Ltd. (CYM)
Flatiron RR CLO 22 LLC (CYM)
Flatiron CLO 24 Ltd. (CYM)
Flatiron CLO 25 Ltd. (CYM)
Flatiron CLO 26 Ltd. (NJ)
Flatiron CLO 23 LLC. (DE)
Flatiron RR CLO 27 Ltd. (CYM)
Flatiron CLO 28 Ltd. (CYM)
Flatiron RR LLC, Manager Series (DE Series LLC) (DE)
Flatiron RR LLC, Retention Series (DE Series LLC) (DE)
Stratford CDO 2001-1 Ltd. (CYM)
Silver Spring, LLC (DE)
    Silver Spring Associates, L.P. (PA)
SCP 2005-C21-002 LLC (DE)
SCP 2005-C21-003 LLC (DE)
SCP 2005-C21-006 LLC (DE)
SCP 2005-C21-007-LLC (DE)
SCP 2005-C21-008 LLC (DE)
SCP 2005-C21-009 LLC (DE)
SCP 2005-C21-017 LLC (DE)
SCP 2005-C21-018 LLC (DE)
SCP 2005-C21-021 LLC (DE)
SCP 2005-C21-025 LLC (DE)
SCP 2005-C21-031 LLC (DE)
SCP 2005-C21-036 LLC (DE)

SCP 2005-C21-041 LLC (DE)
SCP 2005-C21-043 LLC (DE)
SCP 2005-C21-044 LLC (DE)
SCP 2005-C21-048 LLC (DE)
SCP 2005-C21-061 LLC (DE)
SCP 2005-C21-063 LLC (DE)
SCP 2005-C21-067 LLC (DE)
SCP 2005-C21-069 LLC (DE)
SCP 2005-C21-070 LLC (DE)
NYMH-Ennis GP, LLC (DE)
    NYMH-Ennis, L.P. (TX)
NYMH-Freeport GP, LLC (DE)
    NYMH-Freeport, L.P. (TX)
NYMH-Houston GP, LLC (DE)
    NYMH-Houston, L.P. (TX)
NYMH-Plano GP, LLC (DE)
    NYMH-Plano, L.P. (TX)
NYMH-San Antonio GP, LLC (DE)
    NYMH-San Antonio, L.P. (TX)
NYMH-Stephenville GP, LLC (DE)
    NYMH-Stephenville, L.P. (TX)
NYMH-Taylor GP, LLC (DE)
    NYMH-Taylor, L.P.  (TX)
NYMH-Attleboro MA, LLC (DE)
NYMH-Farmingdale, NY, LLC (DE)
NYLMDC-King of Prussia GP, LLC (DE)
    NYLMDC-King of Prussia Realty, LP (DE)
Country Place LP (DE)
    Country Place JV LLC (DE)
REEP-MF Salisbury Square Tower One TAF LLC (DE)
    REEP-DRP Salisbury Square Tower One TAB JV LLC (DE)
        Salisbury Square Tower One LLC (DE)
Cumberland Properties LLC
2015 DIL PORTFOLIO HOLDINGS LLC (DE)
    PA 180 KOST RD LLC (DE)
Cortlandt Town Center LLC (DE)
REEP-WP ART TOWER JV LLC (DE)
REEP-1250 Forest LLC
REEP-HZ SPENCER LLC (DE)
REEP-IND MCP WEST NC LLC
REEP-IND 10 WEST AZ LLC (DE)
REEP-IND 4700 Nall TX LLC (DE)
REEP-IND Aegean MA LLC (DE)
REEP-IND Alpha TX LLC (DE)
REEP-IND MCP VIII NC LLC (DE)
REEP-IND CHINO CA LLC (DE)
REEP-IND FRANKLIN MA HOLDER LLC (DE)
REEP-IND FREEDOM MA LLC (DE)
REEP-IND Fridley MN LLC (MN)
REEP-IND Kent LLC (DE)
REEP-IND LYMAN MA LLC (DE)