**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**William Mason,**

**Plaintiff,**

**-against-**

**New York Life Insurance Company, et al.,**

**Defendants.**

**1:26-cv-01429 (DEH) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court in this action arising under the Employee Retirement Income Security Act of 1974 ("ERISA") are disputes between Plaintiff William Mason ("Plaintiff" or "Mason") and Defendants New York Life Group Insurance Company of NY ("NYLGICNY") and New York Life Insurance Company ("NYLIC")[1] (collectively, "Defendants") regarding whether Plaintiff is entitled to additional discovery beyond the administrative record (which already has been produced)[2] and, if so, whether Plaintiff is entitled to the specific items of discovery he seeks. The Court resolves these disputes as set forth in the Conclusion below.

## BACKGROUND

Mason is a participant in an employee benefit plan (the "Plan") issued to him through his employer, American Jewish Committee ("AJC"). (Am. Compl., ECF No. 9, ¶¶ 1, 6.) The Plan

---

[1] Defendants contend that NYLIC neither determines claims nor insures benefits and should not be a party to this action. (Defs.' 7/28/26 Ltr., ECF No. 31, at 3 n.1.)

[2] "The term 'administrative record' is a misnomer in an ERISA case." *Fredrich v. Lincoln Life & Annuity Co. of New York*, 603 F. Supp. 3d 38, 41 (E.D.N.Y. 2022). "While an [administrative record] is normally compiled by a neutral governmental agency, like the Merit Systems Protection Board or the Social Security Administration, the [administrative record] in the ERISA context consists of the information and documents known to the administrator at the time of the administrator's final denial of a claimant's application for benefits." *Id*. (citing *Halo v. Yale Health Plan*, 819 F.3d 42, 60 (2d Cir. 2016)).

provided long-term disability benefits ("LTD Benefits") to eligible plan participants, including Mason. (*Id*. ¶¶ 18, 20.) NYLGICNY was the administrator of the Plan, and the Plan is fully insured by NYLGICNY. (*Id*. ¶ 8; Defs.' 7/28/26 Ltr. at 3.)

Mason worked as a Senior Desktop Engineer for the AJC. (Am. Compl. ¶ 19.) He was diagnosed with long COVID in October 2025. (*Id*. ¶ 40.) Mason filed a claim for LTD Benefits in November 2025, asserting total disability due to long COVID. (*Id*. ¶¶ 2-3, 35.)

NYLGICNY denied Mason's claim in February 2026, finding that Mason was not eligible for any benefits under the Plan. (*See* Am. Compl. ¶ 65; Ans., ECF No. 25, at p. 27.) Mason filed this action on February 19, 2026.[3] (*See* Compl., ECF No. 1.) In his Amended Complaint, Mason asserts that Defendants unlawfully denied his LTD Benefits in violation of the Plan and ERISA. (Am. Compl. ¶¶ 74-96.)

On July 7, 2026, the parties filed a report of their Rule 26(f) meeting stating Defendants' position that the Court's review in this case is limited to the administrative record and that no supplemental discovery is warranted, and Plaintiff's position that he is entitled to discovery outside the administrative record. (*See* Rule 26(f) Discovery Plan Rpt., ECF No. 29, at 2-3.) Following a telephone conference with the parties, the Court entered an Order, dated July 14, 2026, setting a schedule for the parties to submit letters and response letters regarding whether the record should be limited to the administrative record and, if not, the scope of any discovery. (*See* 7/14/26 Order, ECF No. 30, ¶¶ 1-2.) In addition, the Order required Plaintiff to identify in his submission the specific discovery he sought and the basis for such discovery. (*See id*. ¶ 1.)

---

[3] Mason contends that it was only after this action was filed that NYLGICNY rendered a decision on his claim. (Am. Compl. ¶ 64.) He further contends that NYLGICNY violated ERISA regulations by failing to render a timely decision on his claim. (*See id*. ¶¶ 49-65.)

On July 28, 2026 and August 8, 2026, the parties filed their required letters and response letters. (*See* Defs.' 7/28/26 Ltr.; Pl.'s 7/28/26 Ltr., ECF No. 32; Defs.' 8/11/26 Ltr. Resp., ECF No. 33; Pl.'s 8/11/26 Ltr. Resp., ECF No. 34.) Thereafter, with leave of Court (*see* 8/13/26 Order, ECF No. 36), the parties filed reply letters on August 18, 2026. (*See* Defs.' 8/18/26 Reply Ltr., ECF No. 37; Pl.'s 8/18/26 Reply Ltr., ECF No. 38.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ. P. 26(b)(1). The party seeking to compel discovery bears the initial burden of showing relevance. *See New York Times Co. v. Microsoft Corp.*, 757 F. Supp. 3d 594, 597 (S.D.N.Y. 2024).

"[W]hen reviewing claim denials, whether under the arbitrary and capricious or *de novo* standards of review, district courts typically limit their review to the administrative record before the plan at the time it denied the claim." *Halo*, 819 F.3d at 60 (citing *DeFelice v. Am. Int'l Life Assur. Co. of New York*, 112 F.3d 61, 66-67 (2d Cir. 1997)). The Court may review additional evidence outside the record only upon a showing of good cause. *See DeFelice*, 112 F.3d at 67.

Plaintiff asserts that he is entitled to discovery for two purposes: (1) to determine the completeness of the administrative record, and (2) to determine the extent of NYLGICNY's conflict of interest. (*See* Pl.'s 8/11/26 Ltr. at 1.) The legal standards regarding completeness and conflict of interest are addressed below.

### I. Completeness

"One example of 'good cause' to go outside the record is when that record is demonstrably incomplete." *Hughes v. Hartford Life & Accident Ins. Co.*, 507 F. Supp. 3d 384, 392

(D. Conn. 2020) (citing *Zervos v. Verizon N.Y., Inc*., 277 F.3d 635, 646-47 (2d Cir. 2002)). "Given the potential for a growing caseload of claims seeking review of ERISA covered benefit denials, there may be an understandable motivation to restrict discovery as a means of accelerating disposition of these cases." *Nagele v. Elec. Data Sys. Corp*., 193 F.R.D. 94, 107 (W.D.N.Y. 2000). "But judicial review without a complete and accurate record is in no one's interest and making mistakes quickly does not comport with the meaningful judicial review Congress undoubtedly had in mind." *Id*.

## II. <u>Conflict Of Interest</u>

Plaintiff contends that he is entitled to discovery because NYLGICNY operated under a conflict of interest because it both reviewed and paid claims under the Plan.[4] (*See* Pl.'s 7/28/26 Ltr. at 2 (citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008)).)[5] A plan administrator operates under a conflict of interest when it "both evaluates claims for benefits and pays benefits claims." *Metro. Life Ins*., 554 U.S. at 112 (2008). The "lion's share of ERISA plan claims denials" are made by administrators operating with such dual roles. *Id*. at 116; *see also id*. at 120 (Roberts, C.J., concurring in part and concurring in the judgment) ("The conflict of interest at issue here is a common feature of ERISA plans").

"[W]hile a structural conflict of interest does not *per se* constitute 'good cause' to consider evidence outside the administrative record . . . it can rise to the level of 'good cause'

[4] Defendants concede that this conflict existed. (*See* Defs.' 8/11/26 Ltr. at 3 ("Defendants have already acknowledged the existence of a structural conflict arising from the fact that NYLGICNY both administers and funds benefits under the policy.").)

[5] The parties dispute the proper standard of review – *i.e*., whether it is *de novo* or deferential. (*See* Pl.'s 7/28/26 Ltr. at 2.) Plaintiff concedes that, if his case is reviewed *de novo*, then Plaintiff would not require any conflict-of-interest discovery. (*See id*.) If the case is reviewed under a deferential standard, however, the Court would have to consider whether conflict of interest played a role.

when bolstered by specific allegations[.]" *Biomed Pharms., Inc. v. Oxford Health Plans (N.Y.), Inc.*, 831 F. Supp. 2d 651, 658 (S.D.N.Y. 2011) (citations omitted). "Thus, in order to justify the consideration of evidence outside the administrative record, the Plaintiff must demonstrate a conflict of interest as well as some additional factor, such as lack of 'established criteria for determining an appeal,' a 'practice of destroying or discarding all records within minutes after hearing an appeal,' or a 'failure to maintain written procedures' for claim review." *Pretty v. Prudential Ins. Co. of Am.*, 696 F. Supp. 2d 170, 183 (D. Conn. 2010) (quoting *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 293, 296 (2d Cir. 2004)).

"The standard for discovery beyond the administrative record, however, is lower than good cause and for good reason." *Cohen v. CME Grp. Inc. Severance Plan*, No. 21-CV-05324 (JMF), 2022 WL 1720318, at *2 (S.D.N.Y. May 27, 2022) (emphasis omitted). "If a plaintiff were forced to make a full good cause showing just to obtain discovery, then he would be faced with a vicious circle: To obtain discovery, he would need to make a showing that, in many cases, could be satisfied only with the help of discovery." *Anderson v. Sotheby's Inc. Severance Plan*, No. 04-CV-08180 (SAS) (DFE), 2005 WL 6567123, at *6 (S.D.N.Y. May 13, 2005).

"The Second Circuit has not provided district courts with a detailed framework for deciding disputes over the discoverability of extra-record evidence in ERISA cases." *Smith v. First Unum Life Ins.*, No. 19-CV-00298 (NSR), 2020 WL 6281451, at *4 (S.D.N.Y. Oct. 21, 2020) (emphasis omitted). The majority rule requires the movant to "show a reasonable chance that the requested discovery will satisfy the good cause requirement."[6] *Id*. (quoting *Anderson*, 2005

---

[6] While some courts have eschewed any "special standard to govern ERISA cases as 'unwarranted,'" *Liyan He v. Cigna Life Ins. Co. of N.Y.*, 304 F.R.D. 186, 189 (S.D.N.Y. 2015), the parties agree that the appropriate

WL 6567123, at *7); *see also N'Diaye v. Metro. Life Ins. Co*., 17-CV-04260 (GBD) (BCM), 2018 WL 2316335, at *6 (S.D.N.Y. May 8, 2018). "Under the 'reasonable chance' standard, the plaintiff must 'make specific factual allegations to support the discovery request.'" *Id*. (quoting *Capretta v. Prudential Ins. Co. of Am*., 16-CV-01929 (DAB), 2017 WL 4012058, at * 6 (S.D.N.Y. Aug. 28, 2017)).

## DISCUSSION

Against the backdrop of the foregoing Legal Standards, the Court now considers the various items of discovery sought by Plaintiff.

## I. Discovery Relating To Completeness Of Administrative Record

In his opening letter, Plaintiff states that he "is entitled to discovery as it relates to the completeness of the administrative record and the identification of Defendants' employees who worked on Plaintiff's Claim" or "[a]lternatively, . . . requests a deposition pursuant to FRCP 30(b)(6) limited to issues of [c]ompleteness." (Pl.'s 7/28/26 Ltr. at 4.) In his response letter, Plaintiff sets forth specific items he is seeking relating to completeness: (1) a "feedback" report that allegedly is missing from the administrative record; (2) review "checklists"; (3) disclosure of which entity employs: (a) Robert Lane, (b) Travis Thomas and (c) Will Jones; and (4) information regarding documents that were deleted from the administrative record. (Pl.'s 8/11/26 Ltr. at 1-2.)

Defendants' reply letter identified the employer of Messrs. Lane, Thomas and Jones as Life Insurance Company of North America. (*See* Defs.' 8/18/26 Reply Ltr. at 1 n.1.) With respect

standard is the "reasonable chance" standard applied by most courts in this Circuit. (*See* Pl.'s 7/28/26 Ltr. at 2; Defs.' 7/28/26 Ltr. at 2.)

to the remaining items, the Court finds, in its discretion, that Plaintiff may serve targeted interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and/or targeted document requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, limited to (1) the "feedback" report that allegedly is missing from the administrative record; (2) the review "checklists"; and (3) information regarding documents that were deleted from the administrative record. The Court finds that a Rule 30(b)(6) deposition regarding the completeness of the administrative record is not proportional to the needs of the case.

## II. <u>Conflict Of Interest Discovery</u>

In his opening letter, Plaintiff identifies the following categories of discovery he seeks regarding the conflict of interest:[7]

### A. <u>Certain Information Regarding Defendants' In-House File Reviewers</u>

The specific information sought by Plaintiff in this category relates to Defendants' in-house file reviewers, Dr. Yvette Yeung and Dr. Fidelis Mkparu, and is as follows: (1) number of file reviews conducted by Drs. Yeung and Mkparu in 2025 and 2026; (2) 20 reports prepared by Drs. Yeung and Mkparu prior to, and the 20 reports prepared by them after, those prepared on Plaintiff's claim; and (3) the number of times that Drs. Yeung and Mkparu found that a claimant had restrictions and limitations that would prevent work versus the number of times they found that a claimant's restrictions and limitations would not prevent a return to work. (*See* Pl.'s 7/28/26 Ltr. at 4.)

[7] Plaintiff also had sought Defendants' internal rules, procedures, manuals and guidelines (*see* Pl.'s 7/28/26 Ltr. at 4), but that request was withdrawn after Defendants provided Plaintiff access to certain documents. (*See* Pl.'s 8/18/26 Reply Ltr. at 3 n.3.)

The Court, in its discretion, finds that Plaintiff has not shown a reasonable chance that the requested discovery in this category will satisfy the good cause requirement. "[C]ourts have refrained from ordering compliance with . . . requests [similar to Plaintiff's requests] because bare numbers or percentages of claim denials are meaningless without additional context – and that context cannot be provided without holding mini-trials on the other claims." *Hughes*, 507 F. Supp. 3d at 399; *see also Ragin v. Sun Life Assurance Co. of Can.*, No. 21-CV-08172 (JGK) (JLC), 2022 WL 2092971, at *2 & n.1 (S.D.N.Y. June 10, 2022) (denying similar request because generic in nature).

As an independent ground for denial of Plaintiff's request for documents in this category, the Court finds that the documents are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

**B. <u>Financial incentives, Bonuses, Commissions, Stock Options, Etc. For Defendants' Employees Involved In Administration Of Plaintiff's Claim</u>**

In this category, Plaintiff seeks information regarding financial incentives provided to Robert Lane, Travis Thomas, Dr. Yeung and Dr. Mkparu for 2025 and 2026, since they were involved in the administration of Plaintiff's claim. (*See* Pl.'s 7/28/26 Ltr. at 5.) The Court, in its discretion, finds that Plaintiff has shown a reasonable chance that the requested discovery in this category will satisfy the good cause requirement. "[I]f a decision maker were granted incentives based on the frequency of claim denials processed or other forms of compensation related to approval or denial of claims for benefits, such potential financial influences could pose a risk of arbitrary action and may well be relevant to Plaintiff's claim." *Nagele*, 193 F.R.D. at 109. Accordingly, Defendants shall produce to Plaintiff the following documents: (1) documents that set forth the bases upon which Robert Lane, Travis Thomas, Dr. Yeung and/or Dr. Mkparu may

have received incentive compensation in 2025 and 2026, and (2) documents sufficient to show any financial incentives provided to Robert Lane, Travis Thomas, Dr. Yeung and Dr. Mkparu for 2025 and 2026.

C. **<u>Performance Evaluations For Defendants' Employees Involved In Administration Of Plaintiff's Claim</u>**

In this final category, Plaintiff seeks performance evaluations for Robert Lane, Travis Thomas, Dr. Yeung and Dr. Mkparu for 2025 and 2026, since they were involved in the administration of Plaintiff's claim. (*See* Pl.'s 7/28/26 Ltr. at 5.) The Court, in its discretion, finds that Plaintiff has shown a reasonable chance that the requested discovery in this category will satisfy the good cause requirement. "Whether or not the performance of the employees involved is measured by reference to their ability to deny or terminate LTD claims directly bears on whether [defendant's] conflict of interest biased its decision-making process." *Black v. Hartford Life Ins. Co*., No. 3:17-cv-01785 (HZ), 2018 WL 3872113, at *3 (D. Or. Aug. 14, 2018). Accordingly, Defendants shall produce to Plaintiff performance evaluations for Robert Lane, Travis Thomas, Dr. Yeung and Dr. Mkparu for 2025 and 2026.

**<u>CONCLUSION</u>**

By reason of the foregoing, it is hereby ORDERED that Plaintiff is granted only the following discovery:

A. Within 14 days of the date of this Order, Plaintiff may serve targeted interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and/or targeted document requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, limited to (1) the "feedback" report that allegedly is missing from the

administrative record; (2) the review "checklists"; and (3) information regarding documents that were deleted from the administrative record.

B. Within 14 days of the date of this Order, Defendants shall produce to Plaintiff the following documents: (1) documents that set forth the bases upon which Robert Lane, Travis Thomas, Dr. Yeung and/0r Dr. Mkparu may have received incentive compensation in 2025 and 2026, and (2) documents sufficient to show the financial incentives provided to Robert Lane, Travis Thomas, Dr. Yeung and Dr. Mkparu for 2025 and 2026.

C. Within 14 days of the date of this Order, Defendants shall produce to Plaintiff performance evaluations for Robert Lane, Travis Thomas, Dr. Yeung and Dr. Mkparu for 2025 and 2026.

IT IS FURTHER ORDERED that this case shall proceed with the following schedule:

1. Any motion to amend or to join additional parties shall be filed no later than September 3, 2026.

2. Fact discovery shall be completed no later than November 30, 2026.

3. If Plaintiff seeks any expert discovery, he shall make a motion for leave to take such discovery no later than December 14, 2026.

**SO ORDERED.**

Dated: New York, New York
August 20, 2026

Stewart d. Aaron
STEWART D. AARON
United States Magistrate Judge